UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Wellington Anselmo,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Boston Field Office Director; U.S. Immigration and Customs Enforcement and Removal Operations; TODD LYONS, Acting Director of U.S. Immigration Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; and PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | Civil Action No. 1:25-cv-13309-IT |

<u>MEMORANDUM & ORDER</u>

November 13, 2025

TALWANI, D.J.

Petitioner Wellington Anselmo is a Brazilian national who entered the United States without inspection in or around 2006 and has continuously resided within the United States since then. Pet. ¶¶ 1, 16 [Doc. No. 1]. On or about November 6, 2025, Anselmo was arrested by U.S. Immigration and Customs Enforcement ("ICE"), ostensibly pursuant to 8 U.S.C. § 1225(b), and is detained at the Plymouth County Correctional Facility. <u>Id.</u> ¶¶ 2, 17. Now pending before the court is Anselmo's <u>Emergency Petition for Writ of Habeas Corpus</u> [Doc. No. 1] "seek[ing] an order directing Respondents to provide him with a prompt, individualized custody hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a), consistent with this Court's habeas jurisdiction under 28 U.S.C. § 2241." <u>Id.</u> ¶ 21.

In response, Respondents assert, inter alia, that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp't Abbrev. Response 2 [Doc. No. 7]. Respondents also "recognize that the legal issues raised in this Petition are similar to those addressed recently by this Court in Doe v. Moniz, No. 25-cv-12094-IT, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sep. 5, 2025), [Elias] Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025), and Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025)[,]" and that "[s]hould the Court apply the reasoning of those cases here, it would reach the same result" that "8 U.S.C. § 1226(a)—not § 1225(b)—govern[s] the petitioner's detention." Id. at 1–2.

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe, Elias Escobar, and similar cases remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than November 20, 2025, Anselmo must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Anselmo in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

November 13, 2025                                    /s/ Indira Talwani
                                                     United States District Judge